# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

GRAHAM HOOPER, individually and on behalf of all others similarly situated,

   Plaintiff,

vs.

DIGITAL MEDIA SOLUTIONS, INC., a Florida corporation,

   Defendant.

_____/

Case No: _____

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff, Graham Hooper ("Plaintiff"), brings this action against Defendant, Digital Media Solutions, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., (the "TCPA").

3. Defendant is a leading global marketing technology company. Defendant connects consumers and advertisers with digital marketing campaigns. To promote its services, Defendant engages in unsolicited text message marketing, harming thousands of consumers in the process.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in invasion of privacy, harassment, aggravation, and disruption of daily life to

Plaintiff and thousands of other individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the putative class, along with any other legal or equitable remedies afforded by law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call, in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides within this judicial district. Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant transacts business and markets its services within this district, it has sufficient contacts to subject it to personal jurisdiction within the Southern District of Florida. Furthermore, Defendant's tortious conduct against Plaintiff occurred within the State of Florida including Plaintiff's receipt of Defendant's unlawful text messages and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals who reside, or received such text messages, within this judicial district, such that a substantial portion of the acts or omissions giving rise to this action, including Defendant's conduct in sending such text messages, occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

**PARTIES**

7. Plaintiff is a natural person who, at all times relevant to this action, was and is a resident of Philadelphia County, Pennsylvania.

**8.** Defendant is a Florida corporation whose principal place of business is located at 175 S.W. 7th Street #1521, Miami, Florida 33130. Defendant directs, markets, and provides its business activities throughout the State of Florida.

**FACTS**

9. On or about June 11, 2020, Defendant began sending numerous telemarketing text messages to Plaintiff's cellular telephone number ending in 5783 (the "5783 Number"):



10. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

11. Defendant's text messages constitute telemarketing because they encourage the future purchase or investment in property, goods, or services, i.e., attempting to convince Plaintiff to purchase vehicles, auto insurance, and other various products and services offered by Defendant's marketing clients.

12. The information contained in the text messages advertises certain deals and specials being offered by Defendant's client's, which are conveyed by Defendant to promote its own business interests and generate profit, along with those of its clients.

13. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

14. At no point in time did Plaintiff provide Defendant with his prior express written consent to be contacted.

15. Plaintiff is the subscriber and sole user of the 5783 Number and is financially responsible for phone service to the 5783 Number.

16. Plaintiff has been registered with the national do-not-call registry since September 22, 2018.

17. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

18. The text messages originated from telephone number 476-58, which, upon information and belief, is a number that is owned or operated by Defendant.

19.     Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

20.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and and a Class of similarly situated individuals, defined as:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's client's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

21.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of potential class members, but believes that they number in the several thousands, if not more.

### NUMEROSITY

22.     Upon information and belief, Defendant has sent unsolicited telemarketing text messages to telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members, however, is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

24. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    **(1)** Whether Defendant violated 47 C.F.R. § 64.1200(c);

    **(2)** Whether Defendant is liable for damages, and the amount of such damages; and

    **(3)** Whether Defendant should be enjoined from such conduct in the future.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers on the Do Not Call registry is accurate, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

26. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

27. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel to do so. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

<u>**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**</u>

28. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individually litigating the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another court may not. Additionally, individual actions may be dispositive of the interests of the Class, even though certain class members were not parties to such action.

<u>**COUNT I**</u>
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

31. Plaintiff repeats and realleges paragraphs 1 through 30, above, as if fully set forth herein.

32. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

33. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

34. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

35. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

36. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telemarketing text messages to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

37. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

section 47 U.S.C. § 227(c), are entitled, among other things, to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

38. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages awarded to Plaintiff and the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and her counsel as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all Class Members, hereby demands a trial by jury on all issues so triable as a matter of right.

Dated: October 16, 2020

Respectfully submitted by:

**EDELSBERG LAW, P.A.**
*/s/Aaron M. Ahlzadeh*
Aaron M. Ahlzadeh, Esq.
aaron@edelsberglaw.com
Florida Bar No. 0111329
Scott Edelsberg, Esq.

scott@edelsberglaw.com
Florida Bar No. 0100537
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-975-3320

**SHAMIS & GENTILE, P.A.**
/s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
/s/ Garrett O. Berg
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff Graham Hooper and the Class*